**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal No. 03-533 (GK) |
| | : | |
| **CARLOS CURTIS,** | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Defendant, Carlos Curtis, through counsel, has filed a Motion to Dismiss, Reverse, or in the Alternative, Grant a New Trial. Upon consideration of the Motion and the Opposition,[1] the Court concludes for the following reasons, that the Motion should be **denied**.

### I. Procedural Background

On March 31, 2004, a federal grand jury indicted Carlos Curtis on Counts 1 and 2, Sex Trafficking of Children in violation of 18 U.S.C. § 1591; Counts 3 and 4, Transportation of Minors for Prostitution, in violation of 18 U.S.C. § 2423(a); Count 5, Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); Count 6, Transportation of Person for Prostitution, in violation of 18 U.S.C. § 2421; Count 7, Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1); Count 8, Certain Activities Relating to Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and 2256; and Count 9, tampering with a Witness, Victim or Informant, in violation of 18 U.S.C. § 1512 (b)(1) and (b)(2)(A).

The trial began on June 28, 2004 and concluded on July 2, 2004, when the jury returned guilty verdicts on Counts 1 and 2, Sex Trafficking of Children, Counts 3 and 4, Transportation of

---

[1] No Reply was filed.

Minors for Prosecution, Count 6, Transportation of Person for Prostitution, and Count 8, Certain Activities Relating to Material Constituting or Containing Child Pornography. At the conclusion of the trial, defense counsel requested sixty days to file a new trial motion. The Court granted the request, and ordered the motion to be filed by September 2, 2004.

No new trial motion was filed on September 2, 2004. On October 24, 2004, original counsel from the Federal Defender's office moved to withdraw as counsel, and the motion was granted. Bravitt Manley was then appointed as new counsel and on November 5, 2004, the Court extended the time within which the Defendant was to file his new trial motion until January 5, 2005.

On January 6, 2004, the Court granted a further extension of time within which to file new trial motions until April 30, 2005. On April 28, 2005, current counsel, Jensen E. Barber, was appointed to replace Mr. Manley, and on April 29, 2005, the Court granted an extension until July 17, 2005, to Defendant to file post-trial motions. On July 14, 2005, Defendant was granted a further extension of time until September 17, 2005, to file the pending Motion.

**II.   Analysis**

    A.    The Motion Must Be Denied Under Federal Rule of Criminal Procedure 33(b)(2)

Rule 33(b)(2) of the Federal Rules of Criminal Procedures provides that any motion for a new trial, on grounds other than newly discovered evidence, "must be filed within 7 days after the verdict or finding of guilty, <u>or within such further time as the Court sets during the 7-day period</u>" (emphasis added).

In this case, trial counsel for Defendant made the motion for new trial in a timely fashion and was given, with Government consent, 60 days within which to file his motion. Thereafter, that

defense counsel, from Federal Defender's office, was allowed to withdraw on October 25, 2005, well past the 60 day time limit in which he should have filed the motion for new trial. It then became necessary to appoint two subsequent defense lawyers, one after the other, after the withdrawal of trial counsel. Those lawyers encountered numerous delays in obtaining the trial transcript. While additional extensions of time were given for the filing of the motion by new counsel, none of those extensions were "set[] during the 7-day period." Thus, the seven day post-verdict jurisdictional window provided in Fed. R. Crim. P. 33(b)(2) had expired. United States v. Hall, 214 F.3d 175, 178 (D.C. Cir. 2000) and United States v. Hall, 370 F.3d 1204, 1206 (D.C. Cir. 2004).

However, even if the Motion was timely filed, the Court concludes for the following reasons, that a new trial is not warranted in this case.

        B.      The Defendant's Constitutional Right Under the Sixth Amendment to Testify Was Not Violated

The Defendant argues that this Court had an affirmative duty to advise him of his right to testify at trial and to obtain an on-the-record of waiver of such right. The Defendant concedes, at page 4 of his Motion, that the "courts do not agree whether a trial court must advise an accused of his or her right to testify and inquire into a defendant's waiver of that right on the record. Trial courts in the majority of jurisdictions have no such duty." Moreover, and most telling, our own Court of Appeals has held that the court has no such affirmative duty. U.S. v. Ortiz, 82 F.2d 1066, 1069 (D.C. Cir. 1996). The fact that it is a practice and requirement in the D.C. Superior Court for the trial judge to conduct such an inquiry in order to determine whether a guilty plea is voluntary and intelligent, see Boyd v. United States, 586 A.2d 670 (D.C. 1991), simply does not impose a similar requirement on this Court, given the clear holding in Ortiz.

Moreover, the Defendant in this case was no stranger to the criminal justice system, as he had a prior conviction for prostitution of a minor in state court in New Jersey and a federal conviction for distribution of cocaine. In addition, there were several discussions at trial, out of the presence of the jury, as to whether Mr. Curtis would or would not testify. Mr. Curtis was present during these discussions and had every opportunity to disagree with his counsel's representations, if he wished to do so. Nothing occurred during the course of the trial to suggest to the Court that Mr. Curtis was inattentive to the proceedings or did not understand them, or objected to actions his counsel was taking.

        C.        <u>The Defendant Had Adequate Notice of the Charges Against Him</u>

<u>Blakely v. United States</u>, 542 U.S. 296 (2004), was decided as this trial was in progress. In light of that timing, the uncertainty as to its application in this case, and the enormous significance of the decision itself, the Court crafted a procedure it believed would both preserve the integrity of any jury finding of guilt and produce jury findings on sentencing enhancement questions under <u>Blakely</u>. Those questions were submitted to the jury only <u>after</u> they had returned a guilty verdict, so as to make sure that there was no way in which any guilty verdict would be tainted by jury consideration of sentencing questions. The jury did not know when it was considering the issues of to guilt that it would be asked to later resolve sentencing issues. Nor did the jury have to consider any aggravating factors. For these reasons, the Court finds no merit in Defendant's argument that he was not given adequate notice of the charges against which he would be required to defend himself.

      D.      **The Government Did Not Commit Prosecutorial Misconduct By Virtue of Various Statements Made in Its Closing Arguments**

The Court has carefully examined each and every one of the statements cited in Defendant's Motion to demonstrate prosecutorial misconduct. The Court simply finds no merit whatsoever in Defendant's arguments. While this was a sensitive case because of the very nature of the charges – child prostitution and explicit pictorial evidence of sexual acts performed on children – the Government did not, in this Court's view, appeal to the passions and prejudices of the jury, and did not overstep its bounds in prosecuting "with earnestness and vigor." U.S. v. Young, 470 U.S. 1, 7 (1985). The Government's descriptions of the young women and children involved in this case, and their personal histories and economic and social backgrounds, were all directly relevant to their vulnerability as victims and to explaining the ease with which they could be seduced into the lifestyle of prostitution. It was also essential for the jury to understand how the three witnesses in question came to be controlled by their pimp – the Defendant. Finally, as to Government counsel's remarks about Michael Goodwin, they were totally appropriate rebuttal to defense counsel's attempts to paint him, rather than the Defendant, as the mastermind behind the prostitution of children. In short, the record reveals no evidence of prosecutorial misconduct.

For all the foregoing reasons, Defendant's Motion must be **denied**.

December 7, 2005                                      /s/
                                                                             Gladys Kessler
                                                                             United States District Judge

**Copies via ECF to all counsel of record**