UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CURTIS )<br>)<br>    Petitioner, )<br>)<br>         v.    )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>    Respondent. )<br>)<br>) | Criminal Action No. 03-533<br>Civil Action No. 08-805<br><br>FILED<br>JUL 0 2 2009<br>Clerk, U.S. District and<br>Bankruptcy Courts |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. No. 121]. Petitioner Carlos Curtis, a prisoner proceeding pro se in this matter,[1] petitions this Court to set aside or correct his sentence pursuant to 28 U.S.C § 2255.[2] Upon consideration of the Motion, Opposition, and the entire record herein, for the reasons discussed below, Petitioner's motion is denied.

---

[1] Petitioner refused the Court's offer to appoint counsel to represent him in this Motion [Dkt. No. 136].

[2] Section 2255 reads in pertinent part:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

I.  **BACKGROUND**

On March 31, 2004, a nine-count superseding indictment was filed in the United States District Court for the District of Columbia, charging petitioner with sex trafficking of children (Counts 1 and 2); transportation of minors for prostitution (Counts 3 and 4); coercion or enticement of a minor (Count 5); transportation of a person for prostitution (Count 6); transportation of child pornography (Count 7); acts relating to material constituting or containing child pornography (Count 8); and tampering with a witness (Count 9).

The Government provided testimony from two child victims, A.P. and C.B., that was corroborated by testimony from A.P.'s grandmother, C.B.'s stepmother, and Michael Goodwin, an associate of the Petitioner. The Government also presented physical evidence that included pornographic photographs of A.P., receipts from motels discussed during testimony, and evidence of Petitioner's prior convictions of child prostitution to demonstrate his intent.

On July 2, 2004, after hearing testimony from eleven Government witnesses over five days, a jury found Petitioner guilty of Counts 1-4, 6 and 8, and acquitted Petitioner on Counts 7 and 9.[3] On March 17, 2006, this Court found Petitioner to be a career criminal and sentenced him to concurrent life terms of imprisonment on each count, followed by concurrent supervised release terms of

---

[3] The Court dismissed Count 5 at the close of the Government's case.

five years for Counts 1 and 2 and three years for the remaining counts. Petitioner filed a direct appeal claiming that his prior bad acts should not have been permitted as evidence under Rule 404(b) of the Federal Rules of Evidence, and that the Court incorrectly classified him as a career criminal. On March 20, 2007, the Court of Appeals rejected these challenges and affirmed the convictions. United States v. Curtis, 481 F.3d 836 (D.C. Cir. 2007).

## II. ANALYSIS

On May 5, 2008, Petitioner filed the present Motion claiming that he was convicted with a defective indictment in violation of Rules 6(c) and (f) of the Federal Rules of Criminal Procedure, and that his trial and appellate counsel were constitutionally ineffective.

### A. Petitioner Has Not Established that the Grand Jury Indictment Was Defective.

In order to claim that he was convicted with a defective indictment because of ineffective counsel, without having raised that issue on direct appeal, Petitioner must establish two elements. First, he must establish "cause" for why he did not previously raise this claim. Second, he must establish that "actual prejudice" would result by denying the claim. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003); United States v. Dale, 140 F.3d 1054,

-3-

1056 (D.C. Cir. 1998).

Petitioner's defective indictment claim based on ineffective counsel fails on multiple procedural grounds. First, there is a "presumption of regularity . . . in the grand jury process." United States v. Mechanik, 475 U.S. 66, 75 (O'Connor, J., concurring). Since Petitioner fails to provide any explanation for "cause," i.e., why he failed to raise this claim on appeal, the Court need not consider whether he will suffer "actual prejudice," if his petition is denied. United States v. Frady, 456 U.S. 152, 168 (1982).

Further, Petitioner was required by Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure to raise the defective indictment claim before trial. Since a timely objection was not made by Petitioner before trial, as required by the Rule, it is proper to dismiss any potential Rule 6 challenge "on the ground that it was not timely brought." United States v. Wilson, 434 F.2d 494, 496 (D.C. Cir. 1970).

Petitioner's remaining two arguments are unpersuasive. First, Petitioner's argument that his indictment contained irregularities is without factual support. Petitioner argues that his indictment does not affirmatively demonstrate that each juror concurred with the indictment as required by Federal Rule of Criminal Procedure 6(c). The Rule states that the foreperson will "sign all indictments" and "record the number of jurors concurring in every

-4-

indictment and will file the record with the clerk of the court, but the record may not be made public unless the court so orders." Fed. R. Crim. P. 6(c). The record does not show any inconsistencies with the Rule: Petitioner's superseding indictment was submitted by the foreperson and stamped "FILED IN OPEN COURT;" and there is no indication that Petitioner requested the Court to order the jurors' concurrences be made public. See United States v. Glasser, 116 F.2d 690, 695 (7th Cir. 1940) (where an indictment was filed in open court, in the presence of judges and court officers, and endorsed by the grand jury, it sufficiently appeared that the indictment was properly returned). Further, "[f]ailure of the foreman to sign or endorse the indictment is an irregularity and is not fatal." Fed. R. Crim. P. 6(c) advisory committee's note; See also Frisbie v. United States, 157 U.S. 160 (1895). Therefore, even if Petitioner's trial counsel had raised these arguments prior to trial, he would not have prevailed on them, and Petitioner would have suffered no prejudice.

Second, Petitioner argues that his indictment is analogous to a flawed indictment and relies on Gaither v. United States, 413 F.2d 1061 (D.C. Cir. 1969). In that case, the indictment was defective because the grand jury voted only to "present" the defendants with the charge of grand larceny, but did not "pass on the actual terms of an indictment," which were drafted by the prosecutor and signed by the foreperson. Id. at 1071. In

contrast, the record in this case lacks "any evidence that [Petitioner's] indictment was returned in the way described in Gaither." DeVincent v. United States, 602 F.2d 1006, 1009 (1st Cir. 1979).

**B.   Petitioner's Trial Counsel Was Not Ineffective.**

To prevail on his claim of ineffective assistance, Petitioner must demonstrate two elements. First, he must show that counsel was deficient by making "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Second, he must show that counsel's deficiency "prejudiced the [Petitioner]." Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, Petitioner "must identify the acts or omissions of counsel" that could not be considered "reasonable professional judgment . . . in light of all the circumstances" such that the "acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

Trial counsel is a highly experienced Federal Defender and has competently appeared before this Court on numerous occasions. Nonetheless, the Petitioner cites the following examples of ineffective assistance at trial: (a) counsel "prevented" him from testifying; (b) counsel "failed" to present Petitioner's defense of innocence; (c) counsel told the jury in opening statements that Petitioner would testify but he did not testify; (d) counsel failed

-6-

to raise the grand jury "irregularities" in a pre-trial motion; (e) counsel did not request the Court to instruct the jury that it could draw no adverse inference from Petitioner's failure to testify; and (f) counsel failed to request jury instructions that jury notes were not evidence.

Despite the Petitioner's claim of ineffective assistance, the Court finds that counsel performed well within "the wide range of professionally competent assistance." Id. Additionally, any concern about "prejudice" stemming from counsel's performance would be minimized by the Government's strong case against Petitioner. Id. at 687.

Petitioner incorrectly argues that counsel prevented him from testifying. On June 30, 2004, during four different exchanges with the Court, trial counsel explained in Petitioner's presence that Petitioner did not intend to testify. Tr. at 4, 6, 7, 112 (June, 30, 2004). As this Court previously explained, "[Petitioner] . . . had every opportunity to disagree with his counsel's representations, if he wished to do so." United States v. Curtis, No. 03-CR-533(GK), 2004 WL 3312951, at *2 (D.D.C. Dec. 7, 2005). Furthermore, even if Petitioner could demonstrate deficient performance, Petitioner fails to demonstrate prejudice because he did not explain how counsel prevented him from testifying, why he failed to notify the Court of counsel's actions, or why Petitioner delayed raising this issue until filing the current Motion.

Petitioner incorrectly argues that counsel's decision to not present witnesses demonstrates that he failed to present Petitioner's innocence claim. Counsel attempted other defense techniques that included challenging the credibility of Government witness Michael Goodwin. Furthermore, Petitioner fails to identify the witnesses, or provide any information about the content of the potential witness testimony, that would prove his innocence.

Petitioner argues that counsel prejudiced the jury by stating that Petitioner would testify during his opening statement, but failed to call Petitioner as a witness at trial. However, the Court instructed the jury that opening statements are not evidence on three separate occasions -- twice before opening statements and once before closing statements. Tr. at 18 (June 23, 2004) and Tr. at 11 (July 1, 2004). The jury is presumed to follow the instructions of the Court. United States v. Mathis, 216 F.3d 18, 25 (D.C. Cir. 2000).

Moreover, it cannot be assumed that the jury would credit the testimony he now claims he would have given, namely that Michael Goodwin, one of the Government's eleven witnesses was lying, especially since the Petitioner fails to provide any details about what he would have said. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) (defendant "provides no concrete evidence of what he would have testified in exculpation" and "says only that he would have impeached [the witness'] credibility, but omits any

-8-

details that explain why the district court would have given his claims any weight"). Thus, where the Government's strong case against Petitioner makes it "easier to dispose of an ineffective [counsel] claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697.

Petitioner also argues that counsel's failure to raise grand jury "irregularities" in a pre-trial motion constituted ineffective counsel. This argument fails because Petitioner did not provide a compelling explanation for "cause" and would not likely be able to show "actual prejudice" in light of the strength of the Government's case. See supra, at Part I.

Petitioner's argument that counsel did not request a jury instruction that no adverse inference could be drawn from his failure to testify is factually inaccurate. Counsel requested and was granted such an instruction. Tr. at 23 (July 1, 2004).

Petitioner's argument that counsel did not request a jury instruction that jury notes were not evidence is also factually inaccurate. The Court instructed the jury that note-taking was optional and that notes were "only an aid to help your memory." Tr. at 15 (June 23, 2004).

### C.  Petitioner's Appellate Counsel Was Not Ineffective.

The Court also rejects the Petitioner's claim of ineffective appellate counsel. Petitioner argues that appellate counsel's

-9-

failure to raise the above-mentioned issues constituted ineffective counsel. Appellate counsel may use professional judgment to determine which claims to raise on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel "need not (and should not) raise every non-frivolous claim," but should select claims "to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). For the reasons discussed above, the challenges are without merit and appellate counsel may have decided not to raise them as a legitimate exercise of his professional judgment. Even if Petitioner shows that appellate counsel was deficient, which he has not, he still must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure, he would have prevailed on his appeal." Id. at 285. The Government's strong case against Petitioner makes this very unlikely.

For the foregoing reasons, it is hereby

**ORDERED**, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **denied**.

7/2/09
Date

/s/ Gladys Kessler
Gladys Kessler
U.S. District Court Judge

-10-